## The Economy Coal and Mining Co. v. Charles Bracewell.

1. ESTOPPEL—*Accepting Payments.*—When a person asserts at the time a payment is made to him that it is not in full satisfaction of what is due him he will not be estopped from afterward recovering the balance.

Assumpsit, for mining coal, etc.   Trial in the Circuit Court of Vermilion County, on appeal from a justice of the peace; the Hon. FERDINAND BOOKWALTER, Judge, presiding.   Finding and judgment for plaintiff.   Appeal by defendant.   Heard in this court at the May term, 1898.   Affirmed.   Opinion filed October 5, 1898.

LAWRENCE & LAWRENCE, attorneys for appellant.

MABIN & CLARK, attorneys for appellee.

MR. JUSTICE GLENN delivered the opinion of the court.

This suit was brought by appellee before a justice of the peace to recover of appellant for mining coal, which he alleges the appellant screened and made no allowance to him for the coal that was screened and weighed.   Appellee recovered a judgment for $56.   From this judgment appellant appealed to the Circuit Court, where the case was tried by the court, with a jury that returned a verdict for appellee for $88, upon which the court rendered a judgment after overruling a motion for a new trial, and appellant brings the case to this court to reverse that judgment.

The appellee admits he received pay for 400 tons of coal, but it was 400 tons of screened coal, while by the contract he was to receive sixty cents a ton for "mine run," that is, as it was sent up out of the mine, and before it passed over the screen.   By his contract he was to mine entry coal. There were more slack and dust in entry coal than in room coal.   Appellee claims he is entitled to recover of appellant twenty-two cents a ton on 400 tons, because he was only paid for the weight of the coal after it was screened instead of the gross weight.

The appellant's counsel by their brief say the main point of contention is, whether or not appellee, at the time of the last payment, gave notice or made any demand for this "extra coal" before the payment was made to him, and, also, whether or not there is any proof to support, from any point of view, more than nominal damages. It is claimed by appellant under this contention that appellee is estopped now from claiming "mine run" weight, as he made no demand for it when he received pay for screen weight. At the time appellee received his pay he says he asked the clerk if he was not going to pay for the screen coal, and he said, "No, I had got all I should have, and he gave me a check on the bank over there. I then told him I would take that as part pay, and that I would have pay for screened coal." If the payment was made, as detailed above by appellee, he is not estopped. He asserted at the time the payment was made it was not in full satisfaction of what was due him; it was not in payment of the screen coal. Upon every vital contested issue in the case the testimony was conflicting. The jury who heard the witnesses testify, and observed their manner and conduct on the witness stand, gave the greater weight to the testimony of appellee's witnesses. The judge presiding at the trial found the same way in overruling appellant's motion for a new trial, there appearing evidence in the record sustaining the verdict. We do not think it wise to disturb it, and therefor affirm the judgment of the court below. Affirmed.